# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

SYDNEY LERMA as Independent
Administrator of the Estate of
KRISTOPHER KRAMER,
Deceased,

           Plaintiff,

              vs.

BRIAN BOLLOW, JUSTIN DONAHUE,
SONNY STREIT, JOSEF GORDON,
ROBERT REDEL, and CITY OF DEKALB,

           Defendants.

No.

*PLAINTIFF DEMANDS TRIAL BY JURY*

## COMPLAINT AT LAW

NOW COMES Plaintiff, SYDNEY LERMA as Independent Administrator of the Estate of KRISTOPHER KRAMER, Deceased, and for her Complaint at Law against Defendants, BRIAN BOLLOW, JUSTIN DONAHUE, SONNY STREIT, JOSEF GORDON, ROBERT REDEL, and CITY OF DEKALB, pleading hypothetically and in the alternative, states as follows:

### Nature of Action

1.    This case arises out of the unjustified killing of KRISTOPHER KRAMER, caused by the above-named defendants on October 25, 2021 in Dekalb, Illinois.

### Jurisdiction and Venue

2.    Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and the laws of the State of Illinois. Thus, this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3.      Venue is proper under 28 U.S.C. § 1391(b), since all or most of the defendants reside in DeKalb County, and the events giving rise to the claims asserted herein all occurred within this district.

**Parties**

4.      Plaintiff, SYDNEY LERMA, is the independent administrator of the estate of decedent, KRISTOPHER KRAMER, acting on behalf of and for the benefit of decedent's minor children, J.K., L.K., and D.K.

5.      Defendant, BRIAN BOLLOW, was a DeKalb police officer who, at all times relevant to this action, was acting under the color of law and within the scope of his employment as a DeKalb police officer.

6.      Defendant, JUSTIN DONAHUE, was a DeKalb police officer who, at all times relevant to this action, was acting under the color of law and within the scope of his employment as a DeKalb police officer.

7.      Defendant, SONNY STREIT, was a DeKalb police officer who, at all times relevant to this action, was acting under the color of law and within the scope of his employment as a DeKalb police officer.

8.      Defendant, JOSEF GORDON, was a DeKalb police officer who, at all times relevant to this action, was acting under the color of law and within the scope of his employment as a DeKalb police officer.

9.      Defendant, ROBERT REDEL, was a DeKalb police officer and the commander of the DeKalb Police Department who, at all times relevant to this action, was acting under the color of law and within the scope of his employment as a DeKalb police officer.

10.     Defendant, CITY OF DEKALB, is an Illinois municipal corporation, which operates the DeKalb Police Department and prescribes city-wide policies governing the conduct of police officers employed by the DeKalb Police Department.

## Allegations

11.     On October 25, 2021, Defendants, BRIAN BOLLOW, JUSTIN DONAHUE, SONNY STREIT, JOSEF GORDON, DeKalb police officer Betsy Cooper, and four to five other police officers responded to a call concerning KRISTOPHER KRAMER'S residence.

12.     Shortly after the officers' arrival, the only person other than KRISTOPHER KRAMER who had been inside the residence exited the home and, at all times relevant to this complaint, remained safely with officer Betsy Cooper.

13.     The police officers had been advised, and subsequently confirmed themselves, that KRISTOPHER KRAMER was alone inside his home.

14.     DeKalb dispatchers advised the officers that KRISTOPHER KRAMER was suicidal, had cut his wrists, and possessed a sword.

15.     The police officers had also been advised, and subsequently confirmed, that although KRISTOPHER KRAMER possessed a sword, he did not possess a firearm.

16.     At all times relevant to this complaint, Defendants knew that KRISTOPHER KRAMER was holding a sword.

17.     At all times relevant to this complaint, Defendants knew that KRISTOPHER KRAMER was intoxicated, suicidal, and experiencing a mental health crisis.

18.     Upon information and belief, prior to October 25, 2021, police officers from the DeKalb Police Department, including one or more of the Defendant officers, had responded to KRISTOPHER KRAMER'S residence on at least four occasions that year without incident, and

during at least two of those occasions, KRISTOPHER KRAMER expressed suicidal ideation. Specifically, KRISTOPHER'S prior encounters with police had not involved any threat to law enforcement (or anyone else), or any need for force.

19.     Upon information and belief, at all times relevant to this complaint, Defendants knew that KRISTOPHER KRAMER had a history of mental illness and substance abuse.

20.     Defendants, BRIAN BOLLOW, JUSTIN DONAHUE, SONNY STREIT, and JOSEF GORDON set a perimeter around the entrance of KRISTOPHER KRAMER'S home with JOSEF GORDON standing ten feet or less from the front door and the other officers close behind him on both sides.

21.     Defendant, JOSEF GORDON, stood directly in front of KRISTOPHER KRAMER'S door with Defendants, JUSTIN DONAHUE and SONNY STREIT, positioned to his left and Defendant, JOSEF GORDON, positioned to his right.

22.     At all times relevant to this complaint, none of the officers had taken cover behind anything or placed any obstacles between themselves and the front door of KRISTOPHER KRAMER'S home.

23.     Defendant, JUSTIN DONAHUE, possessed a shotgun loaded with less-than-lethal beanbag rounds that he was prepared to deploy against KRISTOPHER KRAMER if necessary.

24.     Defendant, SONNY STREIT, possessed a non-lethal taser that he was ready to deploy against KRISTOPHER KRAMER if necessary.

25.     Defendant, BRIAN BOLLOW, possessed a lethal firearm and expressed to Defendants, JOSEF GORDON, SONNY STREIT, and JUSTIN DONAHUE that he intended to shoot KRISTOPHER with it if KRISTOPHER lunged toward Defendant, JOSEF GORDON, who continued to stand directly in front of and in close proximity to KRISTOPHER'S door.

26.     Defendant, JOSEF GORDON, communicated with KRISTOPHER KRAMER through the window of his home for less than 40 minutes, telling KRISTOPHER repeatedly to come outside to talk with him, expressing to KRISTOPHER that he did not want to arrest KRISTOPHER, but instead just wanted to make sure that KRISTOPHER was okay.

27.     KRISTOPHER KRAMER consistently requested that the officers to leave while holding the sword for them to see.

28.     Defendant, JOSEF GORDON, advised KRISTOPHER KRAMER that he and the other officers would not leave until after KRISTOPHER spoke with them.

29.     Approximately twenty-five to thirty minutes into the exchange between KRISTOPHER KRAMER and Defendant, JOSEF GORDON, Defendant, SONNY STREIT, communicated to Defendants, BRIAN BOLLOW, JOSEF GORDON, and JUSTIN DONAHUE, that based on his conversation with DeKalb Police Department Commander, Defendant, ROBERT REDEL, the best course of action might be to leave KRISTOPHER KRAMER'S home entirely.

30.     For approximately ten to fifteen more minutes, Defendant, JOSEF GORDON, continued to stand directly in front of the door, ordering KRISTOPHER KRAMER to come outside.

31.     Approximately forty minutes into the verbal exchange and ten to fifteen minutes after Defendant, SONNY STREIT, acknowledged that, according to Defendant, Commander ROBERT REDEL, the best course of action might be to leave KRISTOPHER KRAMER'S home, KRISTOPHER, opened the front door, stood behind the glass-paned storm door and told the officers once more to leave, showing them the sword.

32.     Defendant, JOSEF GORDON, maintained his position in front of the door and KRISTOPHER said to KRISTOPHER, "You're not even there with it, man."

33. KRISTOPHER KRAMER opened the door, advanced slowly holding the sword, and responded, "Wanna [expletive] bet?"

34. Defendants, SONNY STREIT and JUSTIN DONAHUE, discharged their non-lethal weapons hitting KRISTOPHER KRAMER with the bean bag shot gun round and taser.

35. Defendant, BRIAN BOLLOW, fired his lethal weapon before or at virtually the same time as the other two officers fired their non-lethal weapons, striking KRISTOPHER KRAMER in the chest and killing him.

36. At no time mentioned herein did Defendants, BRIAN BOLLOW, SONNY STREIT, JUSTIN DONAHUE, or JOSEF GORDON, warn or advise KRISTOPHER KRAMER, that deadly force might be used.

37. Defendant, BRIAN BOLLOW'S discharge of the lethal force did not allow the officers on scene to determine whether the non-lethal force, if necessary, had been effective.

38. The distance of the perimeter set by the officers around KRISTOPHER KRAMER'S front door did not give them an opportunity to determine whether non-lethal force, if necessary, would have been effective.

39. By failing to establish an appropriate perimeter around the door, Defendants, SONNY STREIT, JUSTIN DONAHUE, JOSEF GORDON, and BRIAN BOLLOW, created a situation that caused an unnecessary and inappropriate escalation of force by them.

40. By failing to take cover or place obstacles between themselves and the front door, Defendants, SONNY STREIT, JUSTIN DONAHUE, JOSEF GORDON, and BRIAN BOLLOW, created a situation that caused an unnecessary and inappropriate escalation of force by them.

41. Upon information and belief, Defendant Dekalb Police Department Commander ROBERT REDEL, had been informed by one or more of the DeKalb police officers present on

the scene of the subject occurrence that although KRISTOPHER KRAMER had a sword, he was alone, suicidal, and did not pose a threat to anybody but himself while inside his home.

42.     Upon information and belief, Defendant Dekalb Police Department Commander ROBERT REDEL, and all Officers present, knew that KRISTOPHER KRAMER was experiencing a mental health crisis.

43.     Upon information and belief, Defendant Dekalb Police Department Commander ROBERT REDEL, knew that KRISTOPHER KRAMER had had prior encounters with law enforcement in which he was experiencing a mental health crisis but did not pose a threat to the officers or other individuals.

44.     Upon information and belief, Defendant Dekalb Police Department Commander ROBERT REDEL, had been informed by one or more of the DeKalb police officers present on the scene of the subject occurrence of the tight perimeter the officers set around KRISTOPHER KRAMER'S door, despite the fact that KRISTOPHER KRAMER was experiencing a mental health crisis and holding a sword.

45.     At all times relevant to this complaint, no tactical benefit existed to support maintaining such a tight perimeter.

46.     Upon information and belief, Defendant Dekalb Police Department Commander ROBERT REDEL had been informed by one or more of the DeKalb police officers present on the scene of the subject occurrence that the officers were ordering KRISTOPHER KRAMER to come outside of his home to speak with them, despite the tight perimeter they had set around KRISTOPHER KRAMER'S door, knowing that KRISTOPHER KRAMER was experiencing a mental health crisis and that he was holding a sword.

47.     Upon information and belief, Defendant, ROBERT REDEL, never deployed a crisis intervention team, a tactical team, and/or other personnel who are specially trained to deal with people experiencing mental health crises.

48.     Upon information and belief, Defendant, ROBERT REDEL, never instructed the aforementioned Defendant officers to establish a larger perimeter around KRISTOPHER KRAMER'S front door.

49.      Upon information and belief, Defendant, ROBERT REDEL, never instructed the aforementioned Defendant officers to refrain from pressuring KRISTOPHER to step outside of his home until after he had a chance to calm down.

### Count I – Brian Bollow – 42 U.S.C. § 1983

50.     Paragraphs 1-49 of this Complaint are adopted and incorporated as if restated fully herein.

51.     As described in the preceding paragraphs, the conduct of Defendant, BRIAN BOLLOW, toward KRISTOPHER KRAMER constituted excessive force in violation of the Fourth Amendment and Fourteenth Amendment of the United States Constitution.

52.     The misconduct described in this Count was objectively unreasonable and undertaken with willfulness, recklessness and utter indifference to the rights and safety of others.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, BRIAN BOLLOW, awarding compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

### Count II – Brian Bollow/City of DeKalb – Violation of Illinois Use of Force Statute

53.     Paragraphs 1-49 of this Complaint are adopted and incorporated as if restated fully herein.

54.     As described in the preceding paragraphs, the conduct of Defendant, BRIAN BOLLOW, toward KRISTOPHER KRAMER constituted excessive force in violation of 720 ILCS 5/7-5(a-10) and 720 ILCS 5/7-5(d)(July 1, 2021).

55.     Furthermore, Defendant, BRIAN BOLLOW'S failure to warn KRISTOPHER KRAMER that deadly force may be used violated 720 ILCS 5/7-5(a-5)(July 1, 2021).

56.     The misconduct described in this Count was objectively unreasonable and undertaken with willfulness, recklessness, and utter indifference to the rights and safety of others.

57.     This Count is being brought against Defendant, BRIAN BOLLOW, individually, and in his capacity as agent and/or employee of Defendant, CITY OF DEKALB.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, BRIAN BOLLOW, individually and as agent and/or employee of Defendant, CITY OF DEKALB, awarding compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

### Count III – Brian Bollow/City of DeKalb – Illinois Assault and Battery

58.     Paragraphs 1-49 of this Complaint are adopted and incorporated as if restated fully herein.

59.     In the manner described more fully above, Defendant, BRIAN BOLLOW, by discharging his firearm, intentionally and impermissibly harmed, wounded, and ultimately killed KRISTOPHER KRAMER, actions which amount to assault and battery under Illinois law.

60.     This Count is being brought against Defendant, BRIAN BOLLOW, individually, and in his capacity as agent and/or employee of Defendant, CITY OF DEKALB.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, BRIAN BOLLOW, individually and as agent and/or employee of

Defendant, CITY OF DEKALB, awarding compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

### Count IV – Brian Bollow/City of DeKalb – Illinois Wrongful Death

61.     Paragraphs 1-49 of this Complaint are adopted and incorporated as if restated fully herein.

62.     At all times relevant to this Complaint, Defendant, BRIAN BOLLOW, had a duty to refrain from willful and wanton conduct that would endanger the safety of others, including, but not limited to, KRISTOPHER KRAMER, and the officers on scene.

63.     On October 25, 2021, Defendant, BRIAN BOLLOW, breached his duty to KRISTOPHER KRAMER by committing one or more of the following willful and/or wanton acts and/or omissions:

a.     Ordering KRISTOPHER KRAMER to exit his home when he knew that KRISTOPHER KRAMER was alone inside his home, intoxicated, experiencing a mental health crisis, and holding a sword;

b.     Ordering KRISTOPHER KRAMER, who was armed with a sword, to exit his home when he knew or should have known that KRISTOPHER KRAMER was intoxicated, experiencing a mental health crisis, and was not a threat to anybody but himself while alone inside his home;

c.     Remaining in close proximity to the door that KRISTOPHER KRAMER, armed with a sword, was being ordered to exit when he knew or should have known that his proximity to the door unnecessarily placed him in danger;

d.     Failing to take cover behind anything during the entire exchange with KRISTOPHER KRAMER;

e.     Failing to place any obstacles between themselves and the front door of KRISTOPHER KRAMER'S home;

f.     Failing to warn or advise KRISTOPHER KRAMER that deadly force may be used in violation of 720 ILCS 5/7-5(a-5)(July 1, 2021);

g.     Discharging his firearm, killing KRISTOPHER KRAMER at virtually the same time as the other officers fired their non-lethal weapons, thereby not

allowing the officers on scene to determine whether the non-lethal force, if necessary, had been effective;

h.     Discharging his firearm, killing KRISTOPHER KRAMER before other non-lethal force could be utilized to eliminate any threat of bodily harm;

i.     Using deadly force against KRISTOPHER KRAMER based on the danger that he posed to himself in violation of 720 ILCS 5/7-5(a-10)(July 1, 2021); and/or

j.     Otherwise acting willfully, wantonly, recklessly, and/or with utter indifference to the rights and safety of others, including KRISTOPHER KRAMER and the other officers on scene.

64.     As described in the preceding paragraphs, the conduct of Defendant, BRIAN BOLLOW, toward KRISTOPHER KRAMER was undertaken with willfulness, wantonness, recklessness, and/or utter indifference to the rights and safety of others, including KRISTOPHER KRAMER and the officers on scene.

65.     As a direct and proximate result of Defendant, BRIAN BOLLOW'S willful and wanton conduct, KRISTOPHER KRAMER sustained injuries of a personal, pecuniary, and permanent nature, which caused or contributed to his death.

66.     Plaintiff, SYDNEY LERMA, as Independent Administrator of the Estate of KRISTOPHER KRAMER, Deceased, brings this action pursuant to 740 ILCS 180/1, *et seq.,* commonly known as the Wrongful Death Act.

67.     KRISTOPHER KRAMER left surviving him various persons who were his next of kin, including his three minor children, L.K., J. K., and D. K..

68.     All of KRISTOPHER KRAMER'S next-of-kin suffered injuries as a result of his death including the loss of companionship and loss of society.

69.     This Count is being brought against Defendant, BRIAN BOLLOW, individually, and in his capacity as agent and/or employee of Defendant, CITY OF DEKALB.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, BRIAN BOLLOW, individually and as agent and/or employee of Defendant, CITY OF DEKALB, awarding compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

**<u>Count V – Brian Bollow/City of DeKalb – Illinois Survival Act</u>**

70.     Paragraphs 1-49 of this Complaint are adopted and incorporated as if restated fully herein.

71.     At all times relevant to this Complaint, Defendant, BRIAN BOLLOW, had a duty to refrain from willful and wanton conduct that would endanger the safety of others, including, but not limited to, KRISTOPHER KRAMER, and the officers on scene.

72.     On October 25, 2021, Defendant, BRIAN BOLLOW, breached his duty to KRISTOPHER KRAMER by committing one or more of the following willful and/or wanton acts and/or omissions:

    a.    Ordering KRISTOPHER KRAMER to exit his home when he knew that KRISTOPHER KRAMER was alone inside his home, intoxicated, experiencing a mental health crisis, and holding a sword;

    b.    Ordering KRISTOPHER KRAMER, who was armed with a sword, to exit his home when he knew or should have known that KRISTOPHER KRAMER was intoxicated, experiencing a mental health crisis, and was not a threat to anybody but himself while alone inside his home;

    c.    Remaining in close proximity to the door that KRISTOPHER KRAMER, armed with a sword, was being ordered to exit when he knew or should have known that his proximity to the door unnecessarily placed him in danger;

    d.    Failing to take cover behind anything during the entire exchange with KRISTOPHER KRAMER;

    e.    Failing to place any obstacles between themselves and the front door of KRISTOPHER KRAMER'S home;

f.    Failing to warn or advise KRISTOPHER KRAMER that deadly force may be used in violation of 720 ILCS 5/7-5(a-5)(July 1, 2021);

g.    Discharging his firearm, killing KRISTOPHER KRAMER at virtually the same time as the other officers fired their non-lethal weapons, thereby not allowing the officers on scene to determine whether the non-lethal force, if necessary, had been effective;

h.    Discharging his firearm, killing KRISTOPHER KRAMER before other non-lethal force could be utilized to eliminate any threat of bodily harm;

i.    Using deadly force against KRISTOPHER KRAMER based on the danger that he posed to himself in violation of 720 ILCS 5/7-5(a-10)(July 1, 2021); and/or

j.    Otherwise acting willfully, wantonly, recklessly, and/or with utter indifference to the rights and safety of others, including KRISTOPHER KRAMER and the other officers on scene.

73.    As described in the preceding paragraphs, the conduct of Defendant, BRIAN BOLLOW, toward KRISTOPHER KRAMER was undertaken with willfulness, wantonness, recklessness, and/or utter indifference to the rights and safety of others, including KRISTOPHER KRAMER and the officers on scene.

74.    As a direct and proximate result of Defendant, BRIAN BOLLOW'S willful, wanton, reckless, and/or negligent acts and/or omissions, KRISTOPHER KRAMER sustained injuries of a personal, pecuniary, and permanent nature that, had KRISTOPHER KRAMER survived, he would have been entitled to pursue a cause of action for the same.

75.    SYDNEY LERMA, as Independent Administrator of the Estate of KRISTOPHER KRAMER, brings this action on behalf of KRISTOPHER KRAMER, deceased, under the statute commonly referred to as the Illinois Survival Statute, 755 ILCS 5/27-6.

76.    This Count is being brought against Defendant, BRIAN BOLLOW, individually, and in his capacity as agent and/or employee of Defendant, CITY OF DEKALB.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, BRIAN BOLLOW, individually and as agent and/or employee of Defendant, CITY OF DEKALB, awarding compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

## Count VI – Josef Gordon– 42 U.S.C. § 1983

77.    Paragraphs 1-49 of this Complaint are adopted and incorporated as if restated fully herein.

78.    As described in the preceding paragraphs, the conduct of Defendant, BRIAN BOLLOW, toward KRISTOPHER KRAMER constituted excessive force in violation of the Fourth Amendment and Fourteenth Amendment of the United States Constitution.

79.    Defendant, JOSEF GORDON, was responsible, in whole or in part, for creating a situation that caused an unnecessary and inappropriate escalation of force by the Defendant officers on scene.

80.    The misconduct described in this Count was objectively unreasonable and undertaken with willfulness, recklessness and utter indifference to the rights and safety of others.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, JOSEF GORDON, awarding compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

## Count VII – Josef Gordon/City of DeKalb – Illinois Wrongful Death

81.    Paragraphs 1-49 of this Complaint are adopted and incorporated as if restated fully herein.

82.     At all times relevant to this Complaint, Defendant, JOSEF GORDON, had a duty to refrain from willful and wanton conduct that would endanger the safety of others, including, but not limited to, KRISTOPHER KRAMER, and the officers on scene.

83.     On October 25, 2021, Defendant, JOSEF GORDON, breached his duty to KRISTOPHER KRAMER by committing one or more of the following willful and/or wanton acts and/or omissions:

a.      Ordering KRISTOPHER KRAMER to exit his home when he knew that KRISTOPHER KRAMER was alone inside his home, intoxicated, experiencing a mental health crisis, and holding a sword;

b.      Ordering KRISTOPHER KRAMER, who was armed with a sword, to exit his home when he knew or should have known that KRISTOPHER KRAMER was intoxicated, experiencing a mental health crisis, and was not a threat to anybody but himself while alone inside his home;

c.      Remaining in close proximity to the door that KRISTOPHER KRAMER, armed with a sword, was being ordered to exit when he knew or should have known that his proximity to the door unnecessarily placed him in danger;

d.      Ordering KRISTOPHER KRAMER to exit his home when he knew (1) that KRISTOPHER KRAMER was alone inside his home, intoxicated, experiencing a mental health crisis, and holding a sword and (2) that Defendant BRIAN BOLLOW intended to use deadly force against KRISTOPHER if KRISTOPHER advanced toward Defendant, GORDON, and the other officers;

e.      Failing to take cover behind anything during the entire exchange with KRISTOPHER KRAMER;

f.      Failing to place any obstacles between themselves and the front door of KRISTOPHER KRAMER'S home;

g.      Failing to warn or advise KRISTOPHER KRAMER that deadly force may be used in violation of 720 ILCS 5/7-5(a-5)(July 1, 2021);

h.      Otherwise acting willfully, wantonly, recklessly, and/or with utter indifference to the rights and safety of others, including KRISTOPHER KRAMER and the other officers on scene.

84.     As described in the preceding paragraphs, the conduct of Defendant, JOSEF GORDON, toward KRISTOPHER KRAMER was undertaken with willfulness, wantonness, recklessness, and/or utter indifference to the rights and safety of others, including KRISTOPHER KRAMER and the officers on scene.

85.     As a direct and proximate result of Defendant, JOSEF GORDON'S willful and/or wanton conduct, KRISTOPHER KRAMER sustained injuries of a personal, pecuniary, and permanent nature, which caused or contributed to his death.

86.     Plaintiff, SYDNEY LERMA, as Independent Administrator of the Estate of KRISTOPHER KRAMER, Deceased, brings this action pursuant to 740 ILCS 180/1, *et seq.,* commonly known as the Wrongful Death Act.

87.     KRISTOPHER KRAMER left surviving him various persons who were his next of kin, including his three minor children, L. K., J. K., and D. K.

88.     All of KRISTOPHER KRAMER'S next-of-kin suffered injuries as a result of his death including the loss of companionship and loss of society.

89.     This Count is being brought against Defendant, JOSEF GORDON, individually, and in his capacity as agent and/or employee of Defendant, CITY OF DEKALB.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, JOSEF GORDON, individually and as agent and/or employee of Defendant, CITY OF DEKALB, awarding compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

### Count VIII – Josef Gordon/City of DeKalb – Illinois Survival Act

90.     Paragraphs 1-49 of this Complaint are adopted and incorporated as if restated fully herein.

91.     At all times relevant to this Complaint, Defendant, JOSEF GORDON, had a duty to refrain from willful and wanton conduct that would endanger the safety of others, including, but not limited to, KRISTOPHER KRAMER, and the officers on scene.

92.     On October 25, 2021, Defendant, JOSEF GORDON, breached his duty to KRISTOPHER KRAMER by committing one or more of the following willful and/or wanton acts and/or omissions:

a.     Ordering KRISTOPHER KRAMER to exit his home when he knew that KRISTOPHER KRAMER was alone inside his home, intoxicated, experiencing a mental health crisis, and holding a sword;

b.     Ordering KRISTOPHER KRAMER, who was armed with a sword, to exit his home when he knew or should have known that KRISTOPHER KRAMER was intoxicated, experiencing a mental health crisis, and was not a threat to anybody but himself while alone inside his home;

c.     Remaining in close proximity to the door that KRISTOPHER KRAMER, armed with a sword, was being ordered to exit when he knew or should have known that his proximity to the door unnecessarily placed him in danger;

d.     Ordering KRISTOPHER KRAMER to exit his home when he knew (1) that KRISTOPHER KRAMER was alone inside his home, intoxicated, experiencing a mental health crisis, and holding a sword and (2) that Defendant BRIAN BOLLOW intended to use deadly force against KRISTOPHER if KRISTOPHER advanced toward Defendant, GORDON, and the other officers;

e.     Failing to take cover behind anything during the entire exchange with KRISTOPHER KRAMER;

f.     Failing to place any obstacles between themselves and the front door of KRISTOPHER KRAMER'S home;

g.     Failing to warn or advise KRISTOPHER KRAMER that deadly force may be used in violation of 720 ILCS 5/7-5(a-5)(July 1, 2021);

h.     Otherwise acting willfully, wantonly, recklessly, and/or with utter indifference to the rights and safety of others, including KRISTOPHER KRAMER and the other officers on scene.

93.     As described in the preceding paragraphs, the conduct of Defendant, JOSEF GORDON, toward KRISTOPHER KRAMER was undertaken with willfulness, wantonness, recklessness, and/or utter indifference to the rights and safety of others, including KRISTOPHER KRAMER and the officers on scene.

94.     As a direct and proximate result of Defendant, JOSEF GORDON'S willful and/or wanton conduct, KRISTOPHER KRAMER sustained injuries of a personal, pecuniary, and permanent nature that, had KRISTOPHER KRAMER survived, he would have been entitled to pursue a cause of action for the same.

95.     SYDNEY LERMA, as Independent Administrator of the Estate of KRISTOPHER KRAMER, brings this action on behalf of KRISTOPHER KRAMER, deceased, under the statute commonly referred to as the Illinois Survival Statute, 755 ILCS 5/27-6.

96.     This Count is being brought against Defendant, JOSEF GORDON, individually, and in his capacity as agent and/or employee of Defendant, CITY OF DEKALB.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, JOSEF GORDON, individually and as agent and/or employee of Defendant, CITY OF DEKALB, awarding compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

**Count IX – Sonny Streit– 42 U.S.C. § 1983**

97.     Paragraphs 1-49 of this Complaint are adopted and incorporated as if restated fully herein.

98.     As described in the preceding paragraphs, the conduct of Defendant, BRIAN BOLLOW, toward KRISTOPHER KRAMER constituted excessive force in violation of the Fourth Amendment and Fourteenth Amendment of the United States Constitution.

99.    Defendant, SONNY STREIT, was responsible, in whole or in part, for creating a situation that caused an unnecessary and inappropriate escalation of force by the Defendant officers on scene.

100.    The misconduct described in this Count was objectively unreasonable and undertaken with willfulness, recklessness and utter indifference to the rights and safety of others.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, SONNY STREIT, awarding compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

## Count X – Sonny Streit/City of DeKalb – Illinois Wrongful Death

101.    Paragraphs 1-49 of this Complaint are adopted and incorporated as if restated fully herein.

102.    At all times relevant to this Complaint, Defendant, SONNY STREIT, had a duty to refrain from willful and wanton conduct that would endanger the safety of others, including, but not limited to, KRISTOPHER KRAMER, and the officers on scene.

103.    On October 25, 2021, Defendant, SONNY STREIT, breached his duty to KRISTOPHER KRAMER by committing one or more of the following willful and/or wanton acts and/or omissions:

a.    Ordering KRISTOPHER KRAMER to exit his home when he knew that KRISTOPHER KRAMER was alone inside his home, intoxicated, experiencing a mental health crisis, and holding a sword;

b.    Ordering KRISTOPHER KRAMER, who was armed with a sword, to exit his home when he knew or should have known that KRISTOPHER KRAMER was intoxicated, experiencing a mental health crisis, and was not a threat to anybody but himself while alone inside his home;

c.    Remaining in close proximity to the door that KRISTOPHER KRAMER, armed with a sword, was being ordered to exit when he knew or should have known that his proximity to the door unnecessarily placed him in danger;

d.    Ordering KRISTOPHER KRAMER to exit his home when he knew (1) that KRISTOPHER KRAMER was alone inside his home, intoxicated, experiencing a mental health crisis, and holding a sword and (2) that Defendant BRIAN BOLLOW intended to use deadly force against KRISTOPHER if KRISTOPHER advanced toward Defendant, GORDON, and the other officers;

e.    Failing to take cover behind anything during the entire exchange with KRISTOPHER KRAMER;

f.    Failing to place any obstacles between themselves and the front door of KRISTOPHER KRAMER'S home;

g.    Failing to warn or advise KRISTOPHER KRAMER that deadly force may be used in violation of 720 ILCS 5/7-5(a-5)(July 1, 2021);

h.    Otherwise acting willfully, wantonly, recklessly, and/or with utter indifference to the rights and safety of others, including KRISTOPHER KRAMER and the other officers on scene.

104.    As described in the preceding paragraphs, the conduct of Defendant, SONNY STREIT, toward KRISTOPHER KRAMER was undertaken with willfulness, wantonness, recklessness, and/or utter indifference to the rights and safety of others, including KRISTOPHER KRAMER and the officers on scene.

105.    As a direct and proximate result of Defendant, SONNY STREIT'S willful and/or wanton conduct, KRISTOPHER KRAMER sustained injuries of a personal, pecuniary, and permanent nature, which caused or contributed to his death.

106.    Plaintiff, SYDNEY LERMA, as Independent Administrator of the Estate of KRISTOPHER KRAMER, Deceased, brings this action pursuant to 740 ILCS 180/1, *et seq.,* commonly known as the Wrongful Death Act.

107.    KRISTOPHER KRAMER left surviving him various persons who were his next of kin, including his three minor children, L. K., J. K., and D. K.

108.    All of KRISTOPHER KRAMER'S next-of-kin suffered injuries as a result of his death including the loss of companionship and loss of society.

109.    This Count is being brought against Defendant, SONNY STREIT, individually, and in his capacity as agent and/or employee of Defendant, CITY OF DEKALB.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, SONNY STREIT, individually and as agent and/or employee of Defendant, CITY OF DEKALB, awarding compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

**Count XI – Sonny Streit/City of DeKalb – Illinois Survival Act**

110.    Paragraphs 1-49 of this Complaint are adopted and incorporated as if restated fully herein.

111.    At all times relevant to this Complaint, Defendant, SONNY STREIT, had a duty to refrain from willful and wanton conduct that would endanger the safety of others, including, but not limited to, KRISTOPHER KRAMER, and the officers on scene.

112.    On October 25, 2021, Defendant, SONNY STREIT, breached his duty to KRISTOPHER KRAMER by committing one or more of the following willful and/or wanton acts and/or omissions:

a.    Ordering KRISTOPHER KRAMER to exit his home when he knew that KRISTOPHER KRAMER was alone inside his home, intoxicated, experiencing a mental health crisis, and holding a sword;

b.    Ordering KRISTOPHER KRAMER, who was armed with a sword, to exit his home when he knew or should have known that KRISTOPHER KRAMER was intoxicated, experiencing a mental health crisis, and was not a threat to anybody but himself while alone inside his home;

c.    Remaining in close proximity to the door that KRISTOPHER KRAMER, armed with a sword, was being ordered to exit when he knew or should have known that his proximity to the door unnecessarily placed him in danger;

    d.      Ordering KRISTOPHER KRAMER to exit his home when he knew (1) that KRISTOPHER KRAMER was alone inside his home, intoxicated, experiencing a mental health crisis, and holding a sword and (2) that Defendant BRIAN BOLLOW intended to use deadly force against KRISTOPHER if KRISTOPHER advanced toward Defendant, GORDON, and the other officers;

    e.      Failing to take cover behind anything during the entire exchange with KRISTOPHER KRAMER;

    f.      Failing to place any obstacles between themselves and the front door of KRISTOPHER KRAMER'S home;

    g.      Failing to warn or advise KRISTOPHER KRAMER that deadly force may be used in violation of 720 ILCS 5/7-5(a-5)(July 1, 2021);

    h.      Otherwise acting willfully, wantonly, recklessly, and/or with utter indifference to the rights and safety of others, including KRISTOPHER KRAMER and the other officers on scene.

113.    As described in the preceding paragraphs, the conduct of Defendant, SONNY STREIT, toward KRISTOPHER KRAMER was undertaken with willfulness, wantonness, recklessness, and/or utter indifference to the rights and safety of others, including KRISTOPHER KRAMER and the officers on scene.

114.    As a direct and proximate result of Defendant, SONNY STREIT'S willful and/or wanton conduct, KRISTOPHER KRAMER sustained injuries of a personal, pecuniary, and permanent nature that, had KRISTOPHER KRAMER survived, he would have been entitled to pursue a cause of action for the same.

115.    SYDNEY LERMA, as Independent Administrator of the Estate of KRISTOPHER KRAMER, brings this action on behalf of KRISTOPHER KRAMER, deceased, under the statute commonly referred to as the Illinois Survival Statute, 755 ILCS 5/27-6.

116.    This Count is being brought against Defendant, SONNY STREIT, individually, and in his capacity as agent and/or employee of Defendant, CITY OF DEKALB.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, SONNY STREIT, individually and as agent and/or employee of Defendant, CITY OF DEKALB, awarding compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

## Count XII – Justin Donahue– 42 U.S.C. § 1983

117. Paragraphs 1-49 of this Complaint are adopted and incorporated as if restated fully herein.

118. As described in the preceding paragraphs, the conduct of Defendant, BRIAN BOLLOW, toward KRISTOPHER KRAMER constituted excessive force in violation of the Fourth Amendment and Fourteenth Amendment of the United States Constitution.

119. Defendant, JUSTIN DONAHUE, was responsible, in whole or in part, for creating a situation that caused an unnecessary and inappropriate escalation of force by the Defendant officers on scene.

120. The misconduct described in this Count was objectively unreasonable and undertaken with willfulness, recklessness and utter indifference to the rights and safety of others.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, JUSTIN DONAHUE, awarding compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

## Count XIII – Justin Donahue/City of DeKalb – Illinois Wrongful Death

121. Paragraphs 1-49 of this Complaint are adopted and incorporated as if restated fully herein.

122.     At all times relevant to this Complaint, Defendant, JUSTIN DONAHUE, had a duty to refrain from willful and wanton conduct that would endanger the safety of others, including, but not limited to, KRISTOPHER KRAMER, and the officers on scene.

123.     On October 25, 2021, Defendant, JUSTIN DONAHUE, breached his duty to KRISTOPHER KRAMER by committing one or more of the following willful and/or wanton acts and/or omissions:

    a.    Ordering KRISTOPHER KRAMER to exit his home when he knew that KRISTOPHER KRAMER was alone inside his home, intoxicated, experiencing a mental health crisis, and holding a sword;

    b.    Ordering KRISTOPHER KRAMER, who was armed with a sword, to exit his home when he knew or should have known that KRISTOPHER KRAMER was intoxicated, experiencing a mental health crisis, and was not a threat to anybody but himself while alone inside his home;

    c.    Remaining in close proximity to the door that KRISTOPHER KRAMER, armed with a sword, was being ordered to exit when he knew or should have known that his proximity to the door unnecessarily placed him in danger;

    d.    Ordering KRISTOPHER KRAMER to exit his home when he knew (1) that KRISTOPHER KRAMER was alone inside his home, intoxicated, experiencing a mental health crisis, and holding a sword and (2) that Defendant BRIAN BOLLOW intended to use deadly force against KRISTOPHER if KRISTOPHER advanced toward Defendant, GORDON, and the other officers;

    e.    Failing to take cover behind anything during the entire exchange with KRISTOPHER KRAMER;

    f.    Failing to place any obstacles between themselves and the front door of KRISTOPHER KRAMER'S home;

    g.    Failing to warn or advise KRISTOPHER KRAMER that deadly force may be used in violation of 720 ILCS 5/7-5(a-5)(July 1, 2021);

    h.    Otherwise acting willfully, wantonly, recklessly, and/or with utter indifference to the rights and safety of others, including KRISTOPHER KRAMER and the other officers on scene.

124. As described in the preceding paragraphs, the conduct of Defendant, JUSTIN DONAHUE, toward KRISTOPHER KRAMER was undertaken with willfulness, wantonness, recklessness, and/or utter indifference to the rights and safety of others, including KRISTOPHER KRAMER and the officers on scene.

125. As a direct and proximate result of Defendant, JUSTIN DONAHUE'S willful and/or wanton conduct, KRISTOPHER KRAMER sustained injuries of a personal, pecuniary, and permanent nature, which caused or contributed to his death.

126. Plaintiff, SYDNEY LERMA, as Independent Administrator of the Estate of KRISTOPHER KRAMER, Deceased, brings this action pursuant to 740 ILCS 180/1, *et seq.,* commonly known as the Wrongful Death Act.

127. KRISTOPHER KRAMER left surviving him various persons who were his next of kin, including his three minor children, L. K., J. K., and D. K.

128. All of KRISTOPHER KRAMER'S next-of-kin suffered injuries as a result of his death including the loss of companionship and loss of society.

129. This Count is being brought against Defendant, JUSTIN DONAHUE, individually, and in his capacity as agent and/or employee of Defendant, CITY OF DEKALB.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, JUSTIN DONAHUE, individually and as agent and/or employee of Defendant, CITY OF DEKALB, awarding compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

## Count XIV – Justin Donahue/City of DeKalb – Illinois Survival Act

130. Paragraphs 1-49 of this Complaint are adopted and incorporated as if restated fully herein.

131.     At all times relevant to this Complaint, Defendant, JUSTIN DONAHUE, had a duty to refrain from willful and wanton conduct that would endanger the safety of others, including, but not limited to, KRISTOPHER KRAMER, and the officers on scene.

132.     On October 25, 2021, Defendant, JUSTIN DONAHUE, breached his duty to KRISTOPHER KRAMER by committing one or more of the following willful and/or wanton acts and/or omissions:

     a.     Ordering KRISTOPHER KRAMER to exit his home when he knew that KRISTOPHER KRAMER was alone inside his home, intoxicated, experiencing a mental health crisis, and holding a sword;

     b.     Ordering KRISTOPHER KRAMER, who was armed with a sword, to exit his home when he knew or should have known that KRISTOPHER KRAMER was intoxicated, experiencing a mental health crisis, and was not a threat to anybody but himself while alone inside his home;

     c.     Remaining in close proximity to the door that KRISTOPHER KRAMER, armed with a sword, was being ordered to exit when he knew or should have known that his proximity to the door unnecessarily placed him in danger;

     d.     Ordering KRISTOPHER KRAMER to exit his home when he knew (1) that KRISTOPHER KRAMER was alone inside his home, intoxicated, experiencing a mental health crisis, and holding a sword and (2) that Defendant BRIAN BOLLOW intended to use deadly force against KRISTOPHER if KRISTOPHER advanced toward Defendant, GORDON, and the other officers;

     e.     Failing to take cover behind anything during the entire exchange with KRISTOPHER KRAMER;

     f.     Failing to place any obstacles between themselves and the front door of KRISTOPHER KRAMER'S home;

     g.     Failing to warn or advise KRISTOPHER KRAMER that deadly force may be used in violation of 720 ILCS 5/7-5(a-5)(July 1, 2021);

     h.     Otherwise acting willfully, wantonly, recklessly, and/or with utter indifference to the rights and safety of others, including KRISTOPHER KRAMER and the other officers on scene.

133.     As described in the preceding paragraphs, the conduct of Defendant, JUSTIN DONAHUE, toward KRISTOPHER KRAMER was undertaken with willfulness, wantonness, recklessness, and/or utter indifference to the rights and safety of others, including KRISTOPHER KRAMER and the officers on scene.

134.     As a direct and proximate result of Defendant, JUSTIN DONAHUE'S willful and/or wanton conduct, KRISTOPHER KRAMER sustained injuries of a personal, pecuniary, and permanent nature that, had KRISTOPHER KRAMER survived, he would have been entitled to pursue a cause of action for the same.

135.     SYDNEY LERMA, as Independent Administrator of the Estate of KRISTOPHER KRAMER, brings this action on behalf of KRISTOPHER KRAMER, deceased, under the statute commonly referred to as the Illinois Survival Statute, 755 ILCS 5/27-6.

136.     This Count is being brought against Defendant, JUSTIN DONAHUE, individually, and in his capacity as agent and/or employee of Defendant, CITY OF DEKALB.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, JUSTIN DONAHUE, individually and as agent and/or employee of Defendant, CITY OF DEKALB, awarding compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

## Count XV – Robert Redel– 42 U.S.C. § 1983

137.     Paragraphs 1-49 of this Complaint are adopted and incorporated as if restated fully herein.

138.     As described in the preceding paragraphs, the conduct of Defendant, BRIAN BOLLOW, toward KRISTOPHER KRAMER constituted excessive force in violation of the Fourth Amendment and Fourteenth Amendment of the United States Constitution.

139.     Defendant, ROBERT REDEL, was responsible, in whole or in part, for creating a situation that caused an unnecessary and inappropriate escalation of force by the Defendant officers on scene.

140.     The misconduct described in this Count was objectively unreasonable and undertaken with willfulness, recklessness and utter indifference to the rights and safety of others.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, ROBERT REDEL, awarding compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

**Count XVI – Robert Redel/City of DeKalb – Illinois Wrongful Death**

141.     Paragraphs 1-49 of this Complaint are adopted and incorporated as if restated fully herein.

142.     At all times relevant to this Complaint, Defendant, ROBERT REDEL, had a duty to refrain from willful and wanton conduct that would endanger the safety of others, including, but not limited to, KRISTOPHER KRAMER, and the officers on scene.

143.     On October 25, 2021, Defendant, ROBERT REDEL, breached his duty to KRISTOPHER KRAMER by committing one or more of the following willful and/or wanton acts and/or omissions:

a.     Failing to deploy a crisis intervention team, a tactical team, and/or other personnel who are specially trained to deal with people experiencing mental health crises;

b.     Failing to instruct the aforementioned Defendant officers to refrain from pressuring KRISTOPHER KRAMER to step outside of his home;

c.     Failing to instruct the Defendant officers on scene to establish a larger perimeter around KRISTOPHER KRAMER'S front door, despite the fact that he knew that KRISTOPHER KRAMER was armed with a sword and being ordered to exit when he knew or should have known that the officers' proximity to the door unnecessarily placed them in danger;

d.   Failing to intervene to prevent the Defendant officers on scene from ordering KRISTOPHER KRAMER to exit his home when he knew or should have known that KRISTOPHER KRAMER was experiencing a mental health crisis while he was not a threat to anybody but himself;

e.   Failing to intervene to prevent the Defendant officers on scene from ordering KRISTOPHER KRAMER to exit his home when he knew (1) that KRISTOPHER KRAMER was alone inside his home, intoxicated, experiencing a mental health crisis, and holding a sword and (2) that Defendant BRIAN BOLLOW intended to use deadly force against KRISTOPHER if KRISTOPHER advanced toward Defendant, GORDON, and the other officers;

f.   Otherwise acting willfully, wantonly, recklessly, and/or with utter indifference to the rights and safety of others, including KRISTOPHER KRAMER and the other officers on scene.

144.   As described in the preceding paragraphs, the conduct of Defendant, ROBERT REDEL, toward KRISTOPHER KRAMER was undertaken with willfulness, wantonness, recklessness, and/or utter indifference to the rights and safety of others, including KRISTOPHER KRAMER and the officers on scene.

145.   As a direct and proximate result of Defendant, ROBERT REDEL'S willful and/or wanton conduct, KRISTOPHER KRAMER sustained injuries of a personal, pecuniary, and permanent nature, which caused or contributed to his death.

146.   Plaintiff, SYDNEY LERMA, as Independent Administrator of the Estate of KRISTOPHER KRAMER, Deceased, brings this action pursuant to 740 ILCS 180/1, *et seq.,* commonly known as the Wrongful Death Act.

147.   KRISTOPHER KRAMER left surviving him various persons who were his next of kin, including his three minor children, L. K., J. K., and D. K.

148.   All of KRISTOPHER KRAMER'S next-of-kin suffered injuries as a result of his death including the loss of companionship and loss of society.

149.    This Count is being brought against Defendant, ROBERT REDEL, individually, and in his capacity as agent and/or employee of Defendant, CITY OF DEKALB.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, ROBERT REDEL, individually and as agent and/or employee of Defendant, CITY OF DEKALB, awarding compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

### Count XVII – Robert Redel/City of DeKalb – Illinois Survival Act

150.    Paragraphs 1-49 of this Complaint are adopted and incorporated as if restated fully herein.

151.    At all times relevant to this Complaint, Defendant, ROBERT REDEL, had a duty to refrain from willful and wanton conduct that would endanger the safety of others, including, but not limited to, KRISTOPHER KRAMER, and the officers on scene.

152.    On October 25, 2021, Defendant, ROBERT REDEL, breached his duty to KRISTOPHER KRAMER by committing one or more of the following willful and/or wanton acts and/or omissions:

    a.  Failing to deploy a crisis intervention team, a tactical team, and/or other personnel who are specially trained to deal with people experiencing mental health crises;

    b.  Failing to instruct the aforementioned Defendant officers to refrain from pressuring KRISTOPHER KRAMER to step outside of his home;

    c.  Failing to instruct the Defendant officers on scene to establish a larger perimeter around KRISTOPHER KRAMER'S front door, despite the fact that he knew that KRISTOPHER KRAMER was armed with a sword and being ordered to exit when he knew or should have known that the officers' proximity to the door unnecessarily placed them in danger;

    d.  Failing to intervene to prevent the Defendant officers on scene from ordering KRISTOPHER KRAMER to exit his home when he knew or should have known that KRISTOPHER KRAMER was experiencing a mental health crisis while he was not a threat to anybody but himself;

e. Failing to intervene to prevent the Defendant officers on scene from ordering KRISTOPHER KRAMER to exit his home when he knew (1) that KRISTOPHER KRAMER was alone inside his home, intoxicated, experiencing a mental health crisis, and holding a sword and (2) that Defendant BRIAN BOLLOW intended to use deadly force against KRISTOPHER if KRISTOPHER advanced toward Defendant, GORDON, and the other officers;

f. Otherwise acting willfully, wantonly, recklessly, and/or with utter indifference to the rights and safety of others, including KRISTOPHER KRAMER and the other officers on scene.

153. As described in the preceding paragraphs, the conduct of Defendant, ROBERT REDEL, toward KRISTOPHER KRAMER was undertaken with willfulness, wantonness, recklessness, and/or utter indifference to the rights and safety of others, including KRISTOPHER KRAMER and the officers on scene.

154. As a direct and proximate result of Defendant, ROBERT REDEL'S willful and/or wanton conduct, KRISTOPHER KRAMER sustained injuries of a personal, pecuniary, and permanent nature that, had KRISTOPHER KRAMER survived, he would have been entitled to pursue a cause of action for the same.

155. SYDNEY LERMA, as Independent Administrator of the Estate of KRISTOPHER KRAMER, brings this action on behalf of KRISTOPHER KRAMER, deceased, under the statute commonly referred to as the Illinois Survival Statute, 755 ILCS 5/27-6.

156. This Count is being brought against Defendant, ROBERT REDEL, individually, and in his capacity as agent and/or employee of Defendant, CITY OF DEKALB.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, ROBERT REDEL, individually and as agent and/or employee of Defendant, CITY OF DEKALB, awarding compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

## Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, BRIAN BOLLOW, JUSTIN DONAHUE, SONNY STREIT, JOSEF GORDON, ROBERT REDEL, and CITY OF DEKALB, awarding compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

## Jury Demand

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: October 25, 2022      By:     /s/ Nicholas P. Kelly
      Attorney for Plaintiffs

      Nicholas P. Kelly (IL ARDC No. 6327138)
      Robert R. Duncan (IL ARDC No. 6277407)
      **DUNCAN LAW GROUP, LLC**
      161 N. Clark, Suite 2550
      Chicago, IL 60601
      Telephone: (312) 202-3283
      Fax: (312) 202-3284
      Email: npk@duncanlawgroup.com
             rrd@duncanlawgroup.com

      Sarah Grady (IL ARDC No. 6312933)
      Howard Kaplan (IL ARDC No. 6306286)
      **KAPLAN & GRADY LLC**
      1953 N. Clyborn Ave., Suite 274
      Chicago, Illinois 60614
      Phone: (312) 852-2641
      Email: sarah@kaplangrady.com
             howard@kaplangrady.com